convictions (*see People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Callahan,* 80 NY2d 273, 281 [1992]; *People v Horn,* 7 AD3d 638 [2004]). In any event, as the defendant's sentence was enhanced solely based upon his recidivism (*see* Penal Law § 70.08 [1] [a]), he was not entitled to a jury trial to determine the facts of his prior felony convictions (*see People v Regan,* 11 AD3d 640 [2004], *lv denied* 4 NY3d 747 [2004]; *People v Rice,* 285 AD2d 617 [2001]).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URIEL ROSE, Also Known as MOOKIE, Appellant. [795 NYS2d 895]— Appeal by the defendant, as limited by his motion, from two sentences of the County Court, Suffolk County (Gazzillo, J.), both imposed December 3, 2002.

Ordered that the sentences are affirmed (*see People v Robinson,* 13 AD3d 399 [2004]; *People v Mejia,* 6 AD3d 630 [2004]). Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.